1 | JEFFREY A. LIPOW (SBN. 82339)
2 | **LIPOW & HARRIS**
  | 15821 Ventura Blvd, Suite 510
3 | Encino, California 91436
4 | Telephone: (818) 905-0507
  | Telecopier: (818) 905.7868
5 |
6 | Attorneys for Plaintiff
  | Ralph Alderete
7 |
8 |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RALPH ALDERETE, | CASE NO. CV-13-06627 JAC (JC) |
| Plaintiff, | NOTICE OF MOTION AND MOTION BY PLAINTIFF TO REMAND ACTION TO STATE COURT AND FOR ATTORNEY'S FEES; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF JEFFREY A. LIPOW IN SUPPORT THEREOF |
| vs. | |
| WELLS FARGO & COMPANY; and DOES 1 through 50, inclusive, | |
| Defendants. | |
| | DATE: November 18, 2013 |
| | TIME: 8:30 |
| | Courtroom: 750 |

**TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on November 18, 2013 at 8:30 a.m. in Courtroom 750 of the above Court located at 255 East Temple Street, Los

-1-
MOTION TO REMAND TO STATE COURT

does come and move the court for an order remanding this action to State Court, and for an award of attorney's fees against Defendant Wells Fargo and Company in the amount of $2,000.00.  This Motion is made on the grounds that as a matter of law Defendant has failed to establish the citizenship of Plaintiff, thus failing to establish complete diversity between the parties.

This Motion is made following a meet and confer pursuant to LR 7.3 on October 4, 2013.

This Motion is based upon this Notice, the Memorandum of Points and Authorities and Declaration attached hereto, and all pleadings, files and documents on file herein.

Respectfully submitted,

Dated:  October 10, 2013       **LIPOW & HARRIS**

By: _____
JEFFREY A. LIPOW
Attorneys for Plaintiff
RALPH ALDERETE

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff initiated this action in State Court against his former employer alleging violation of California's Fair Employment and Housing Act for disability discrimination and retaliation. Defendant filed its Answer in State Court, and removed the action to this Court on or about September 10, 2013, based on Diversity Jurisdiction pursuant to the provisions of 28 U.S.C. Section 1441 (a).

In its Notice of Removal, the sole allegation made by Defendant concerning Plaintiff's citizenship is in paragraph 9, where Defendant alleges, "Plaintiff is and was at the time filing his Complaint a citizen of the State of California." Defendant cites the Complaint filed by Plaintiff. The only allegation therein pertaining in any way to citizenship is in paragraph 1 where Plaintiff alleges that at all material times he was a resident of the County of Los Angeles.

As discussed herein, Defendant has failed to meet its burden of establishing Plaintiff's state of domicile. Accordingly, Defendant has failed to meet its burden of proof to establish the Diversity Jurisdiction of this Court.

///

///

## II. THE RECORD BEFORE THIS COURT FAILS TO ESTABLISH DIVERSITY JURISDICTION

Federal courts are courts of limited jurisdiction, only having subject matter jurisdiction over matters authorized by the Constitution and Congress. U.S. Const. art. III, §2, c1; *e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe § 1441 against a finding of removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.,* 980 F.2nd 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.,* 445 F. 3d 1247, 1252 (9th Cir. 2006) (citing *Gaus,* 980 F2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 28 U.S.C. § 1332. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000.00 usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

With respect to citizenship, Wells Fargo & Company's Notice of Removal baldly asserts that "Plaintiff is and was at the time filing his Complaint a citizen of the State of California." (Notice of Removal ¶ 9.) Defendant cites the Complaint, but the Complaint does not declare his citizenship. All that is alleged in the complaint is that at relevant times Plaintiff was a "resident" of Los Angeles County.

Residency allegations alone are inadequate to establish citizenship; a natural person's citizenship is "determined by his state of domicile, not his state of residence." *Kantor v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001); *see also Jeffcott v. Donovan,* 135 F.2d 213, 214 (9th Cir. 1943) (Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is nor dependent up on the residence of any of the parties, but upon their citizenship.") While a party's residence may be prima facie evidence of that party's domicile when an action is *originally* brought in federal court, residency allegations alone do not suffice to establish citizenship on removal in light of the strong presumption against removal jurisdiction. *See State Farm Mut. Auto. Ins. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) *see Kantor,* 265 F.3d at 857; *Gaus,* 980 F.2d at 567.

Moreover, Defendant cites no other objective facts to establish that Plaintiff is domiciled in California, such as "voting registration and voting

practices, location of personal and real property, locations of brokerage and bank accounts, location of spouse and family, membership in unions and or other organizations, place of business, driver's license and automobile registration, and payment of taxes." *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir.1986). Even construing Defendant's citizenship allegations as ones formed under information and belief, those are likewise inadequate to establish diversity jurisdiction on removal. On removal, "alleging diversity of citizenship upon information and belief is insufficient." *Bradford v. Mitchell Bros. Truck Lines,* 217 F. Supp. 525, 527 (N.D. Cal 1963); *see also Kantor* F.3d at 857 (Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties.)

   Accordingly, Defendant has failed to meet its burden of proof as to diversity of citizenship. The action must be remanded to State court.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Motion be granted and this Court order the action remanded to State court.

Respectfully submitted,

Dated: October 10, 2013        **LIPOW & HARRIS**

By: _____
JEFFREY A. LIPOW
Attorneys for Plaintiff
RALPH ALDERETE

## DECLARATION OF JEFFREY A. LIPOW

I, Jeffrey A. Lipow declare as follows:

1. I am an attorney at law, duly licensed to practice before all courts of the State of the State of California, and am a partner with Lipow & Harris, attorneys of record for Plaintiff herein. I have personal knowledge of the facts contained herein, and, if called as a witness, could and would competently testify to their veracity.

2. Pursuant to the 28 U.S.C. § 1447(c), Plaintiff is requesting an award of attorney's fees related to this Motion. I have been practicing Civil Litigation for 35 years, and have specialized in employment litigation for approximately 11 years. My hourly billing rate which has been approved by courts as a Loadstar for attorney's fees is $500.00. I expended 2.5 hours in preparing this Motion, and anticipate an additional hour and a half in preparing a Reply to the Opposition of Defendant.

3. Accordingly, as of the time of the hearing, I will have incurred 4.0 hours of attorney time pertaining to this Motion. Based thereon, Plaintiff seeks an award of attorney's fees in the amount of $2,000.00.

///

///

///

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 10th day of October, 2013 at Encino, California

By: _____
JEFFREY A. LIPOW